United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA AVILA, *et al.*, | No. C 99-03941 SI; No. C 06-2555 SI |
|     Plaintiffs, | **ORDER RE: DISCOVERY** |
|   v. | |
| WILLITS ENVIRONMENTAL TRUST, *et al.*, | |
|     Defendants.                / | |

The parties have submitted letter briefs[1] concerning plaintiffs' objections to discovery seeking information about plaintiffs' evidence of exposure and causation of injury. At the November 16, 2007 case management conference in these related cases, the parties agreed, and the Court ordered, that defendants would propound discovery regarding exposure and causation, and that plaintiffs would respond by January 30, 2008. Defendants propounded interrogatories, document requests and requests for admissions. Plaintiffs object that the Court did not authorize defendants to propound document requests and requests for admissions, and that defendants' discovery impermissibly seeks expert opinion.

The Court finds plaintiffs' objections lack merit, and plaintiffs are directed to respond to the outstanding discovery requests. As the parties are well aware, and as this Court has observed on numerous occasions, the *Avila* case has been pending for over eight years. Although plaintiffs have long been on notice of the need to identify evidence of exposure and causation, thus far plaintiffs have failed to do so. If plaintiffs intend to rely on expert opinion in support of their claims, plaintiffs must provide

---

[1] The letter briefs are found at Docket Nos. 1012-1014 in *Avila*, and Docket Nos. 173 and 174 in *Nickerman*.

such opinions in response to the discovery at issue.

Defendants state that they are amenable to proceeding with mediation of individual claims as scheduled during the first two weeks of February 2008, and setting a new deadline of March 15, 2008 for plaintiffs' discovery responses. The Court finds that this proposal is reasonable, as it will reduce plaintiffs' counsel's workload if some plaintiffs settle. Accordingly, plaintiffs' responses to the outstanding discovery are due no later than **March 15, 2008**. As the Court informed plaintiffs at the November 15, 2007 case management conference, if any plaintiff fails to provide discovery responses, a negative inference and/or issue preclusion will result.

**IT IS SO ORDERED.**

Dated: January 23, 2008

SUSAN ILLSTON
United States District Judge