**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA AVILA, *et al.*, | No. C 99-3941 SI |
| Plaintiffs, | **ORDER DISMISSING WITH PREJUDICE *PRIMA FACIE* PLAINTIFFS; DENYING PLAINTIFFS' MOTION TO PRODUCE *PRIMA FACIE* SHOWING AND DENYING PLAINTIFFS' MOTION TO REOPEN CASE** |
| v. | |
| WILLITS ENVIRONMENTAL REMEDIATION TRUST, *et al.*, | |
| Defendants. | |

Plaintiffs have noticed two motions for a hearing on April 18, 2008. (Docket Nos. 1028 & 1055). Pursuant to Civil Local Rule 7-1(b), the Court determines that the matters are appropriate for resolution without oral argument, and VACATES the hearing.[1] For the reasons set forth below, the Court DISMISSES the remaining *prima facie* plaintiffs with prejudice, and DENIES plaintiffs' motions.

**BACKGROUND**

The procedural and factual background of this case has been set forth in the Court's previous orders and need not be repeated here. For purposes of the instant matters, the relevant facts are as

---

[1] The Court notes that the February 22, 2008 Order to Show Cause directed plaintiffs to file a response to that order by March 3, 2008, and stated that the matter would be taken under submission. In response to that order, plaintiffs filed the "motion to produce *prima facie* showing pursuant to *Cottle v. Superior Court* and request for leave for full briefing and hearing if required," on March 3, 2008, and the "motion for right to reopen case for *prima facie* plaintiffs if needed to cure any deficiencies in case-in-chief" on March 14, 2008. Although the latter motion is untimely per the Order to Show Cause, in the interest of fully addressing plaintiffs' contentions on the merits, the Court will consider that motion. The Court finds that oral argument is unnecessary, as this matter has been extensively briefed.

follows:

Earlier in this litigation, defendants requested that the Court order two groups of plaintiffs – those who had never lived in Willits and those who had only lived in Willits after November 1988 – to submit a *prima facie* showing of exposure and medical causation ("*prima facie* plaintiffs"). By order filed December 9, 2004, the Court granted defendants' request. The Court noted that this litigation began in 1999, and that given the length of time that had elapsed and the complexity of the issues, it was reasonable to require those two groups of plaintiffs to make such a *prima facie* showing. *See* December 9, 2004 Order at 2.

Case Management Order No. 4 ("CMO No. 4"), dated March 1, 2005, specifically set forth what information and evidence these plaintiffs must provide to defendants in support of their claims. CMO No. 4 required that each of the *prima facie* plaintiffs submit percipient and expert declarations setting forth "all facts" supporting such plaintiff's claimed exposure to hazardous substances discharged or released by defendants' predecessors, including the documents and witnesses to support each of those facts. CMO No. 4 at 3. In addition, the Court required a written statement "from a physician, medical and/or other expert" stating "a description of each injury, illness or condition for which such Plaintiff seeks recovery in this action," "the identity of the chemical to which such Plaintiff was exposed," a "statement that there is a reasonable medical probability that the exposure caused each injury, illness or condition referred to above," and a "statement of the scientific and medical basis upon which the expert's opinion is based." *Id*. at 3-4. In Scheduling Order No. 6, filed on October 16, 2006, the Court set a December 2006 deadline for these plaintiffs to present their *prima facie* case as required by CMO No. 4. By order filed December 6, 2006, the Court granted plaintiffs' request to extend this deadline, and set a new deadline of February 15, 2007.

Plaintiffs provided their percipient and expert declarations to defendants by February 15, 2007. Plaintiffs' medical expert was Dr. Alan Levin, a physician/scientist/attorney. Dr. Levin provided a declaration setting forth his opinions, including his core opinion that the *prima facie* plaintiffs were exposed to dioxins and other chemicals from the Remco site, and that such exposure caused plaintiffs' injuries. On June 22, 2007, defendants submitted their response to the submission from the *prima facie* plaintiffs, including a motion to strike the declaration of Dr. Levin under *Daubert v. Merrell Dow*

*Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and Federal Rule of Evidence 702. After extensive briefing and a lengthy hearing on the motion to strike, the Court granted defendants' motion in a 29 page order filed on February 6, 2008. In that order, the Court found that each and every one of Dr. Levin's opinions was speculative and inadmissible. The Court also reviewed and rejected on substantive grounds nearly all of the untimely additional evidence submitted by plaintiffs, including a July 26, 2007 supplemental declaration of Dr. Levin; an August 8, 2007 declaration of Dr. Rash Ghosh; portions of the Montgomery Watson "Draft Remedial Investigation Report"; certain deposition testimony, and the August 9, 2007 declaration of Joe Holt. The Court further rejected plaintiffs' reliance on their own discovery responses, finding that to the extent that plaintiffs submitted these responses for the truth of the matter asserted, they were hearsay.

The Court then issued an Order to Show Cause why, in light of the Court's order striking the testimony of Dr. Levin, the *prima facie* plaintiffs should not be dismissed for failure to make the required *prima facie* showing. In response to the Order to Show Cause, plaintiffs filed the instant motions.

**DISCUSSION**

Plaintiffs raise a number of arguments in their efforts to avoid dismissal. Plaintiffs contend that, notwithstanding the Court's February 6, 2008 order striking the testimony of Dr. Levin, somehow Dr. Levin's ultimate causation conclusion is sufficient for a *prima facie* showing. Plaintiffs assert that Dr. Levin made a *prima facie* case "even though the Court would not permit [Dr. Levin] to testify on certain subjects at trial." Docket No. 1028 at 2-3. Incredibly, plaintiffs also request that the Court take judicial notice of Dr. Levin's February 2007 declaration. *Id*. at 6. Plaintiffs' argument is utterly nonsensical, as the Court's lengthy order striking Dr. Levin's testimony held that *all* of Dr. Levin's proferred opinions were inadmissible. None of Dr. Levin's opinions survived defendants' *Daubert* motion, and thus there is no ultimate causation conclusion to support a *prima facie* showing.[2]

---

[2] Moreover, even if any portion of Dr. Levin's opinions survived the Court's February 6, 2008 order, Dr. Levin's February 2007 report would not be suitable for judicial notice, as judicial notice is reserved for documents and facts that are "generally known" or "capable of accurate and ready

3

Plaintiffs also assert that they have made a sufficient *prima facie* showing through other evidence that the Court has, for the most part, already ruled inadmissible.[3] There are multiple, obvious flaws with this argument. First, inadmissible evidence cannot support a *prima facie* showing. Second, none of the evidence cited constitutes the required *expert* opinion that "there is a reasonable medical probability that the exposure caused each injury, illness or condition." CMO No. 4 at 4. Third, to the extent that plaintiffs have submitted new evidence – such as a new declaration by Dr. Levin dated March 6, 2008 – such evidence is untimely and will not be considered.

Plaintiffs also assert that dismissal is procedurally improper because plaintiffs have never been on notice that dismissal was possible absent defendants filing a dispositive motion. Plaintiffs' argument both flies in the face of the Court's previous orders and defies common sense. As explained above, the Court's December 9, 2004 order held that certain plaintiffs would be required to make a *prima facie* showing of exposure and causation; CMO No. 4 instructed plaintiffs that in order for their *prima facie* showing to be deemed satisfactory, they would be expected to provide individual and expert declarations supporting the necessary elements of their claims; and Scheduling Order No. 6 provided that "[t]he personal injury and wrongful death claims of any Plaintiff who fails to provide the completed affidavits to Defendants and the Court in accordance with the Court's December 9, 2004 Order and [other sections of Scheduling Order No. 6] above by [the deadline] *shall be dismissed with prejudice from this action*." Scheduling Order No. 6 at 2 (emphasis added). These orders make clear that any *prima facie* plaintiff who failed to make a sufficient *prima facie* showing faced dismissal. Indeed, the Court earlier dismissed 16 *prima facie* plaintiffs based on their failure to make the necessary *prima facie* showing; in opposing defendants' motion to dismiss those 16 plaintiffs, plaintiffs never advanced the novel procedural argument that they raise here.

---

determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

[3] For example, plaintiffs rely on the Versar report, despite the fact that the Court's February 6, 2008 order held that Dr. Ghosh's (and Dr. Levin's) reliance on the "Versar map" was improper given that it "does not contain any actual data on which a scientist could credibly rely." Feb. 6 Order at 25. Similarly, plaintiffs again cite the Montgomery Watson "Draft Remedial Investigation Report," the August 9, 2007 declaration of Joe Holt, the deposition testimony of Robert Quever, and their own discovery responses, despite this Court's order finding these documents inadmissible for various reasons. *Id*. at 26-27.

4

Relatedly, plaintiffs contend that the Court should evaluate the sufficiency of plaintiffs' *prima facie* showing under a "nonsuit" standard, and that the Court cannot dismiss the *prima facie* plaintiffs unless defendants first file a motion for nonsuit. As support, plaintiffs cite *Lockheed Corporation v. Continental Insurance Company*, 134 Cal. App. 4th 187 (2005), which states that "[a] *Cottle* hearing is in the nature of a motion for nonsuit in that the court tests the sufficiency of the evidence without regard to conflicting evidence the opposing party may present." *Id*. at 212. Plaintiffs' argument misses the mark because under *any* standard, the *prima facie* plaintiffs failed to make a sufficient showing because they did not submit any competent expert evidence regarding exposure and causation.

Finally, plaintiffs request to "reopen" the case to supplement their *prima facie* showing either through a different expert, or through Dr. Levin but with a different methodology. Plaintiffs do not offer any explanation as to why any of this evidence could not have been submitted by the February 15, 2007 deadline, and the Court finds no reason to "reopen" this case. Plaintiffs have had ample opportunity to gather the necessary *prima facie* evidence, and the Court and the parties have expended considerable resources evaluating the sufficiency of plaintiffs' February 2007 *prima facie* showing.[4] As the docket in this case reflects, the Court has repeatedly granted plaintiffs extensions of various deadlines, and provided plaintiffs numerous opportunities to correct or supplement various motions and discovery responses. The Court has also repeatedly informed plaintiffs that it will not countenance further delays in this 9 year litigation.[5] It is now time to reach a final resolution with respect to the *prima facie* plaintiffs.

## CONCLUSION

---

[4] The docket shows literally dozens of entries related to litigating the sufficiency of the *prima facie* plaintiffs' showing.

[5] Plaintiffs also assert that they were unable to provide the required *prima facie* evidence of exposure and causation because current counsel only assumed control over this action in September 2006 and only received the complete set of case records in October 2006. Plaintiffs' counsel's claims ring hollow, however, as current counsel *filed* this lawsuit in 1999. This case has been pending for 9 years, which is more than enough time for counsel to gather *prima facie* evidence in support of plaintiffs' claims. Moreover, the Court notes that plaintiffs' counsel requested and received one extension of the *prima facie* deadline, and that February 15, 2007 was the new deadline *proposed by plaintiffs' current counsel*. Plaintiffs' counsel did not request another extension, and if they truly believed that another extension was necessary, they could have requested one.

5

Accordingly, for the foregoing reasons the Court DISMISSES WITH PREJUDICE the remaining *prima facie* plaintiffs due to their failure to make a sufficient *prima facie* showing of exposure and causation, and DENIES plaintiffs' motion to produce *prima facie* showing and plaintiffs' motion to reopen case if necessary. (Docket Nos. 1028 & 1055).

**IT IS SO ORDERED.**

Dated: April 16, 2008

SUSAN ILLSTON
United States District Judge