IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA AVILA, *et al.*, | No. C 99-3941 SI; No. C 06-2555 SI |
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' DISCOVERY MOTIONS** |
| v. | |
| WILLITS ENVIRONMENTAL TRUST, *et al.*, | |
| Defendants. | |

On December 22, 2008, the Court held a hearing on several discovery motions filed by plaintiffs, which the Court orally denied.[1] This order sets forth the Court's reasoning for denying plaintiffs' motions.

Plaintiffs seek the following: (1) reversal of the Court's July 9, 2008 and September 30, 2008 orders excluding the Carbrey and Ligosky blood tests and the May 22, 2008 supplemental declaration of Dr. Sawyer; and (2) modification of the Court's January 23, 2008 order in order to permit plaintiffs to add two more experts on January 18, 2009 who will opine on exposure and causation. Plaintiffs raise a number of arguments in support of their requests, but at heart plaintiffs argue that Court's January 23, 2008 order only required plaintiffs to provide some exposure and causation discovery responses to defendants by March 15, 2008, and that under the January 23, 2008 order, plaintiffs were permitted to continuously "supplement" that discovery by identifying new exposure and causation experts and theories.

As an initial matter, to the extent plaintiffs seek reconsideration of the Court's earlier orders, the

---

[1] The parties' letter briefs are found at Docket Nos. 1121-1132.

1  Court DENIES that request because plaintiffs have not complied with Civil Local Rule 7-9 regarding

2  such motions. Nevertheless, the Court addresses the merits of plaintiffs' arguments in the interest of

3  creating a complete and accurate record. It is necessary to quote at length from the January 23, 2008

4  order to explain why plaintiffs' interpretation of that order is wholly unsupported. The January 23, 2008

5  order stated:

> The parties have submitted letter briefs concerning plaintiffs' objections to discovery seeking information about plaintiffs' evidence of exposure and causation of injury. At the November 16, 2007 case management conference in these related cases, the parties agreed, and the Court ordered, that defendants would propound discovery regarding exposure and causation, and that plaintiffs would respond by January 30, 2008. Defendants propounded interrogatories, document requests and requests for admissions. Plaintiffs object that the Court did not authorize defendants to propound document requests and requests for admissions, and that defendants' discovery impermissibly seeks expert opinion.
>
> The Court finds plaintiffs' objections lack merit, and plaintiffs are directed to respond to the outstanding discovery requests. As the parties are well aware, and as this Court has observed on numerous occasions, the *Avila* case has been pending for over eight years. Although plaintiffs have long been on notice of the need to identify evidence of exposure and causation, thus far plaintiffs have failed to do so. If plaintiffs intend to rely on expert opinion in support of their claims, plaintiffs must provide such opinions in response to the discovery at issue.
>
> . . . Accordingly, plaintiffs' responses to the outstanding discovery are due no later than **March 15, 2008**. As the Court informed plaintiffs at the November 15, 2007 case management conference, if any plaintiff fails to provide discovery responses, a negative inference and/or issue preclusion will result.

January 23, 2008 Order at 1-2. The discovery at issue in the January 23, 2008 order was defendants' discovery focused on exposure and causation of injury, the propounding of which the Court had authorized at a November 16, 2007 case management conference. The minutes for that case management conference state, consistent with the January 23, 2008 order, that if any plaintiffs failed to respond to the exposure and causation discovery "a negative inference/preclusion will be the result." Docket No. 1004.

As the Court has repeatedly informed plaintiffs, this case has been pending since 1999, and plaintiffs have long been on notice of the need to gather evidence of exposure and causation. In the January 23, 2008 order, the Court granted plaintiffs a two month extension to respond to defendants' discovery, and again warned plaintiffs that the failure to respond to that discovery would result in a negative inference and/or issue preclusion. The Court notes that plaintiffs did not seek clarification or

2

reconsideration of the January 23, 2008 order. Instead, plaintiffs provided discovery responses by the March 15, 2008 deadline, and then proceeded to "supplement" those responses by submitting untimely and entirely new exposure and causation evidence in the form of the Ligosky and Carbrey dioxin blood test results and the May 22, 2008 supplemental declaration of Dr. William Sawyer. As stated in the Court's July 9, 2008 order regarding the Ligosky and Carbrey blood test results:

> Plaintiffs denied RFAs directed at each plaintiff asking the plaintiff to admit that he or she did not have any analytical results showing the presence of dioxin congeners or hazardous substances in his or her blood or other bodily fluids or tissues. . . Plaintiffs also state that their denials are based upon forthcoming blood test results from plaintiffs Sam Ligosky and Craig Carbrey.
>
> . . . With regard to the forthcoming test results from Sam Ligosky and Craig Carbrey, plaintiffs acknowledge that the deadline for producing such results has long since passed. In the Court's January 23, 2008 order, the Court set a deadline of March 15, 2008 for plaintiffs to respond to defendants' discovery requests, and stated that "if any plaintiff fails to provide discovery responses, a negative inference and/or issue preclusion will result." Plaintiffs state that they waited until the end of February 2008 to submit the blood for testing in Germany, and that they were expecting to receive the results before the March 15, 2008 deadline but that "there was unforeseen delay in processing the testing." As of May 16, 2008, plaintiffs were still waiting for the test results. The Court finds that plaintiffs have not shown any good cause for the delay and failure to meet the March 2008 deadline, and plaintiffs will not be permitted to rely on these test results.

Docket No. 1079 at 3.

Similarly, in the Court's September 30, 2008 order striking Dr. Sawyer's May 22, 2008 declaration (which plaintiffs produced on July 3, 2008), the Court quoted from the January 23, 2008 order and then stated, *inter alia*,

> With regard to timeliness, plaintiffs do not directly respond to defendants' argument that Dr. Sawyer's May 22, 2008 declaration is in violation of the Court's previous orders requiring plaintiffs to provide all evidence of exposure and causation, including expert testimony, by March 15, 2008. Instead, plaintiffs generally assert that they are permitted under the Federal Rules to "supplement" their expert opinions, and they characterize Dr. Sawyer's May 22, 2008 declaration as a "further explanation and expansion of the opinion expressed in his March 17, 2008 report."
>
> The Court finds that Dr. Sawyer's May 22, 2008 declaration is untimely, and that plaintiffs and their experts may not rely on any of the opinions expressed in that declaration. Plaintiffs do not provide any explanation for why the opinions set forth in the May 22, 2008 declaration were not contained in Dr. Sawyer's March 17, 2008 report. To the extent the May 22, 2008 report simply explains and expands on the March 17, 2008 report – as plaintiffs assert – there is no reason why those expanded opinions could not have been included in the March 17, 2008 report. In addition, defendants assert that the May 22, 2008 report includes new and completely different theories regarding the Blood Test Plaintiffs' test results that have not been previously advanced by any plaintiff expert and were not discussed in Dr. Sawyer's May 22, 2008 declaration. In either event – whether supplementary or new – the opinions expressed in Dr. Sawyer's May 22, 2008

> could and should have been provided by the March 15, 2008 deadline because Dr. Sawyer's opinions regarding dioxin creation and his interpretation of the Blood Test Plaintiffs' test results are not based on any new facts.
>
> As the docket well reflects, this case has been pending for nine years, and plaintiffs have long been on notice of the need to provide evidence of exposure and causation. The Court has repeatedly admonished plaintiffs for their disregard of the Court's orders and their failure to meet their discovery obligations. As this litigation nears its conclusion, plaintiffs' counsel would be well advised to comply with all Court orders and pretrial deadlines.

Docket No. 1119 at 2-3.

Plaintiffs' contention that the January 23, 2008 order permitted plaintiffs to provide incomplete exposure and causation discovery responses by March 15, 2008, and that those responses could be "supplemented" at any time by identifying new experts and new theories, flies in the face of the plain language and clear intent of the January 23, 2008, July 9, 2008 and September 30, 2008 orders, as well as the various pretrial scheduling orders in this case. Both prior to and after the March 15, 2008 deadline, the Court informed plaintiffs that they were required to provide complete and full discovery responses, including expert evidence, regarding exposure and causation by March 15, 2008. The January 18, 2009 expert disclosure deadline relates to *other* experts plaintiffs may wish to designate, and does not mean that plaintiffs are permitted to identify two new causation and exposure experts at this time.

Accordingly, the Court DENIES plaintiffs' requests to reverse and/or modify the January 23, 2008, July 9, 2008, and September 30, 2008 orders.

**IT IS SO ORDERED.**

Dated:   January 26, 2009

SUSAN ILLSTON
United States District Judge